# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JONATHAN C. TILLMAN,**

    **Plaintiff,**

vs.                                                                           Case No.  4:19cv40-MW/CAS

**TALLAHASSEE POLICE**
**DEPARTMENT, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has initiated this civil rights case on January 18, 2019.  Plaintiff submitted a complaint, ECF No. 1, and a motion for in forma pauperis status, ECF No. 2, but his motion was insufficient as filed.  An Order was entered on February 6, 2019, explaining to Plaintiff in detail what he must do to submit a proper in forma pauperis motion.  ECF No. 4.  As of this date, Plaintiff has not complied.  Plaintiff has not filed either an amended motion, a six month statement showing transactions in his inmate account, nor has Plaintiff paid the filing fee for this case.  Plaintiff sent a letter indicating he was attempting to comply,

ECF No. 5, but nothing further has been received from Plaintiff since March 11, 2019.

Plaintiff had been warned that a recommendation would be made to dismiss this case if he did not comply with that Order.  ECF No. 4.  Despite that warning, Plaintiff has not complied and it appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 8, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**