UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JONATHAN CHADWICK TILLMAN,

    Plaintiff,

v.                                                                          Case No. 4:19cv40-MW-HTC

TALLAHASSEE POLICE
DEPARTMENT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Jonathan Chadwick Tillman, a prisoner proceeding *pro se*, initiated this action nearly two (2) years ago, in January 2019, by filing a civil rights complaint purporting to assert a Fourth Amendment unreasonable search and seizure claim under 42 U.S.C. § 1983 (ECF Doc. 1) and a motion for leave to proceed *in forma pauperis* (ECF Doc. 2). This matter was referred to the undersigned Magistrate Judge for preliminary screening and a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons that follow, the undersigned respectfully recommends that this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with numerous orders of the Court.

Plaintiff has been extremely dilatory and taken very little meaningful action in this case since its inception in January 2019. On February 6, 2019, the Court found Plaintiff's *in forma pauperis* motion to be deficient and directed Plaintiff to file a complete second motion – or pay the filing fee – by March 6, 2019. ECF Doc. 4. Plaintiff did not file a second motion or pay the fee as directed. Thus, on October 8, 2019, Magistrate Judge Stampelos recommended that Plaintiff's case be dismissed for failure to prosecute and comply with a Court order. ECF Doc. 6.

Thereafter, Plaintiff filed an objection to the Report and Recommendation, in which he sought an additional ten (10) working days to comply with the Court's February 2019 Order. ECF Doc. 8. Plaintiff subsequently filed his inmate trust fund account statement, one (1) of the missing components of his *in forma pauperis* motion. ECF Doc. 9. In light of Plaintiff's filings, Chief District Judge Walker rejected the October 8 Report and Recommendation and remanded the case to Judge Stampelos for further proceedings. ECF Doc. 10.

Judge Stampelos subsequently granted Plaintiff's *in forma pauperis* motion and directed him to (1) pay his initial partial filing fee of $4.25 and (2) sign and return a Prisoner Consent Form, which was provided to Plaintiff, by February 10, 2020. ECF Doc. 11. Plaintiff did not pay the partial fee, return the Prisoner Consent Form, or move for more time to do so. Thus, on March 18, 2020, Judge Stampelos again recommended that Plaintiff's case be dismissed for failure to prosecute and

comply with Court orders. ECF Doc. 12. Subsequently, in April 2020, Plaintiff filed an objection to the second Report and Recommendation, indicating that he thought the Prisoner Consent Form was optional and that he thought his sister had paid the initial partial filing fee. ECF Doc. 14.

Magistrate Judge Fitzpatrick subsequently vacated the March 18 Report and Recommendation and gave Plaintiff until May 18, 2020 to either (1) pay his initial partial filing fee of $4.25 or (2) demonstrate that he needed more time to do so. ECF Doc. 15. However, May 18 came and went, and again, Plaintiff did not comply with the Court's orders or respond in any way.

On May 29, 2020, this matter was referred to the undersigned. The undersigned reviewed Plaintiff's complaint and found it to be deficient in several ways. Namely, the Tallahassee Police Department is not subject to suit under § 1983, and Plaintiff is not entitled to any of the relief sought. Thus, on June 4, 2020, the undersigned gave Plaintiff twenty-one (21) days to (1) either pay his initial partial filing fee of $4.25 or show cause why he cannot do so **and** (2) file an amended complaint curing the noted deficiencies. ECF Doc. 17. Alternatively, if Plaintiff no longer wished to proceed with this action, he was directed to file a notice of voluntary dismissal within the same time period. *Id.* Plaintiff was warned that his failure to comply with any part of the June 4 Order as instructed may result in a recommendation that his case be dismissed. *Id.*

Plaintiff failed to comply with the June 4 Order by paying the initial partial filing fee or showing cause why he could not do so, filing an amended complaint, or responding in any way. Thus, on July 7, 2020, the undersigned gave Plaintiff an additional fourteen (14) days to comply with the June 4 Order or otherwise show cause why his case should not be recommended for dismissal. ECF Doc. 18. Plaintiff was again warned that his failure to comply with either order as instructed may result in a recommendation that his case be dismissed without further notice. *Id.*

More than fourteen (14) days have passed, and Plaintiff has not complied with either the Court's June 4 Order or July 7 Order to Show Cause. He has also made no attempts to comply, as the Court has not received the initial partial filing fee, an amended complaint, a notice of voluntary dismissal, or any response whatsoever. Indeed, Plaintiff has not taken any action in this case in more than four (4) months.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with orders of the Court.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 7th day of August, 2020.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.